Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **IN RE:** | **CASE: 19-29262** |
| JERICA CURTIS | **CHAPTER 13** |
| **Debtor** | **Hon. WILLIAM T. THURMAN** |
| | Confirmation Hearing: 3/3/20  2:00 pm |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

   1. The Debtor filed a Chapter 13 petition for relief on December 19, 2019 and the First Meeting of Creditors under section 341 was held on January 24, 2020.

   2. Schedules I & J show **negative** projected disposable income evidencing that the plan is not feasible.  Therefore, Schedules I & J should be amended to establish that the Debtor(s)' projected disposable income is sufficient to make the required plan payment.

3. The Debtor(s) failed to provide the Trustee with a business questionnaire for a business operated during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(D)). The Debtor(s) must provide copies of all documents requested in the business questionnaire, including but not limited to: bank statements for all accounts month prior, month of and month after petition, business license, insurance policies held by the business, business taxes (either form 1120 or Schedule C of the individual return), asset and liability sheet (including date of purchase and purchase price) and balance sheet.

4. The Debtor(s) failed to timely open a separate bank account for the withholding of state and federal taxes from wages of employees, payment of FICA and FUTA, unemployment insurance, and any other tax the Debtor(s) are required to collect and remit; and the Debtor(s) failed to notify the IRS and USTC of the location and account numbers of the respective trust accounts.

5. The Debtor(s) have not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by Fed. R. Bankr. P. 1007(b)(1).

6. The Debtor(s) should provide an asset and liability sheet (with date of purchase of asset, purchase price and current value of all assets); and balance sheet for Coin Drop Vending, LLC and Curtis Publishing, LLC.

7. The Trustee requests that the Debtor provide the sale documents and a statement regarding the disposition of the funds from the sale of Chugg Drive Thru, LLC listed on the Debtor's Statements of Financial Affairs, Interrogatory No. 18, and evidence as to the date the funds were received. The Trustee reserves the right to raise any objections under the best-interest-of-creditors test of § 1325(a)(4) once these documents are received.

8. On Schedules A/B, the Debtor(s) list real property with a value of $350,000. The 2019 Property tax notice opines the value to be $384,893. The Debtor(s) must amend Schedules A/B to correct the value. The Trustee reserves the right to raise any objections under the best-interest-of-creditors test of § 1325(a)(4) once the amendment is made.

9. The Chapter 13 plan does not comply with the best-interest-of-creditors test of § 1325(a)(4). Based on the assets and debts listed in the statements and schedules, the Trustee has determined in a hypothetical Chapter 7 case that unsecured creditors would share a total distribution of approximately $4,325.00, while the current plan proposes a return of only $0.00 to unsecured creditors.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: January 28, 2020                                   Lon A. Jenkins
                                                          Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on January 28, 2020:

JERICA CURTIS, P.O. BOX 971, PRICE, UT  84501

ROBERT A. EDER, JR, ECF Notification

                                                          /s/ Chelsea Anderson